IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VOLUNTEER MANAGEMENT & DEVELOPMENT COMPANY INC.<br><br>  Plaintiff,<br><br>v.<br><br>STATE AUTO PROPERTY & CASUALTY INSURANCE CO.,<br><br>  Defendant. | Case No.: 1:23-cv-00041<br><br>(*Removed from the Marshall County Circuit Court, Case No. 23-CV-13*) |

## DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS

Pursuant to Local Rule 7.01 and Fed. R. Civ. P. 12(b)(6), Defendant State Auto Property & Casualty Insurance Company ("State Auto") files this Partial Motion to Dismiss seeking dismissal *with* prejudice of Plaintiff's claims for (a) the Insurance Fraud Act claim, Tenn. Code Ann. § 56-53-103(a)(1), (b) "agency", and (c) punitive damages, due to Plaintiff's failure to state a claim upon which relief can be granted.

As grounds for its Partial Motion to Dismiss, State Auto asserts that Tennessee law is clear that Tenn. Code Ann. § 56-53-103(a)(1) applies to statements or acts made by or on behalf of an insured and does not contemplate or reach acts of an insurer. Plaintiff has failed to allege actions or communications by or on its behalf to an insurer, and Plaintiff further failed to allege that any such statements were made with the knowledge of falsity required under the statute. Moreover, while Plaintiff failed to referenced Tenn. Code Ann. §56-53-103(a)(2) or (a)(3), to the extent Plaintiff asserts they are applicable, these claims also fail. Tenn. Code Ann. §56-53-103(a)(2) prohibits an insurer from misrepresenting or withholding material information in certain

situations.. Tenn. Code Ann. §56-53-103(a)(3) provides that an unlawful insurance act has been committed when a person:

> (3) Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency of which the person recklessly disregards.

§56-53-103(a)(3).

To the extent Plaintiff intends to argue that these statutes apply, the type of statement allegedly made by State Auto is not included in or related to any of the listed activities in Tenn. Code Ann. §§ 56-53-103(a)(2)-(3). Accordingly, Plaintiff's claims under the Insurance Fraud Act fail as a matter of law and should be dismissed.

Additionally, Plaintiff's agency claim fails as a matter of law as it is not a cause of action. Setting that aside, Plaintiff has failed to set forth any facts demonstrating that any agency relationship existed between State Auto and EES. State Auto retained EES as an independent, wholly-owned, third party entity to conduct inspections of the Properties at issue. State Auto does not have any control over the means, manner, or method of EES' work, and it does not have any ownership interest in EES.

Moreover, in order to recover punitive damages, Plaintiff is required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which Plaintiff has failed to do entirely. Plaintiff has failed to set forth any facts demonstrating fraud or misrepresentation and accordingly, cannot recover any punitive damages. *Currie v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-02915-JPM, 2013 WL 3776217, at *8 (W.D. Tenn. 2013).

Accordingly, State Auto respectfully submits that Plaintiff's Insurance Fraud Act and agency claims, as well as Plaintiff's request for an award of punitive damage, fail to state a claim

upon which relief may be granted and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of this Motion, State Auto also relies upon its contemporaneously filed Memorandum of Law in Support.

        Respectfully submitted,

        */s/ Brian C. Neal*
        Brian C. Neal (BPR #022532)
        Kate A. Hamilton (BPR #039331)
        BURR & FORMAN LLP
        222 Second Ave. South, Suite 2000
        Nashville, TN 37201
        Telephone: (615) 724-3246
        Facsimile: (615) 724-3346

        *Attorneys for Defendant State Auto Property & Casualty Insurance Company, improperly named in the Complaint as State Auto Property & Casualty Insurance Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of June 2023, I served a copy of the foregoing via the Court's CM/ECF system on the following:

Drayton D. Berkley
Berkley Law Firm, PLLC
1255 Lynnfield Ste. 226
Memphis, TN 38119

        */s/ Brian C. Neal*