IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VOLUNTEER MANAGEMENT & DEVELOPMENT COMPANY INC. <br><br> Plaintiff, <br><br> v. <br><br> STATE AUTO PROPERTY & CASUALTY INSURANCE CO., <br><br> Defendant. | Case No.: 1:23-cv-00041 <br><br> (*Removed from the Marshall County Circuit Court, Case No. 23-CV-13*) |

**DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Pursuant to Local Rule 7.01 and Fed. R. Civ. P. 12(b)(6), Defendant State Auto Property & Casualty Insurance Company ("State Auto") files this memorandum of law in support of its Partial Motion to Dismiss seeking dismissal *with* prejudice of Plaintiff's claims for (a) the Insurance Fraud Act claim, Tenn. Code Ann. § 56-53-103(a)(1), (b) "agency", and (c) punitive damages, due to Plaintiff's failure to state a claim upon which relief can be granted.

**I.      INTRODUCTION**

In its Complaint, Plaintiff invokes Tennessee's Insurance Fraud Act and agency theory in novel, unsupported ways, so that it can seek an award ($80 million) exponentially greater than the policy's applicable limits. Instead of providing the Court with exceptional allegations to support stretching Tennessee law in this manner, Plaintiff complains only that State Auto sent an engineer to inspect Plaintiff's property and requested that Plaintiff identify the disagreement, if any, about the amount of the loss before State Auto could agree to appraisal under the terms of the policy. The allegations support only a breach of contract claim against State Auto; all of Plaintiff's remaining claims should be dismissed at this stage.

## II.  ALLEGATIONS IN COMPLAINT

The present action arises out of an alleged storm loss and accompanying property damage allegedly occurring at multiple properties owned by Plaintiff (the "Properties") on or about December 10, 2021.[1] Complaint at ¶¶ 1, 3, 5, 19, & 24. Plaintiff has asserted claims against State Auto for (1) breach of contract; (2) agency; and (3) insurance fraud. *Id.* at ¶¶ 18-19, 29-30, 31-32. Plaintiff has also requested that the Court compel appraisal and appoint an umpire.[2] *Id.* at ¶¶ 12, 15.

Specifically, Plaintiff asserts State Auto "has refused to pay the amounts owed to Plaintiff for the Loss pursuant to the insurance coverage afforded by the Policy" and "materially breached the insurance contract by refusing to participate in the appraisal process after it was properly demanded by Plaintiffs." *Id.* at ¶¶ 17-18. In addition, Plaintiff alleges State Auto "breached its contractual obligations by failing to properly and reasonably inspect the Properties and failing to pay for cost related benefits to properly repair the Properties, as well as for losses associated with the subject loss event, including substantial business interruption costs." *Id.* at ¶ 19.

Plaintiff also asserted that a State Auto employee, Mike Wakefield, "while in the Course and scope of his employment with State Auto, presented false information to an insurance professional related to a claim by falsely stating that Defendants '*needed specific details on the damage scope in disagreement before proceeding with appraisal*'" and "Wakefield's actions

---

[1] Notably, Plaintiff fails to identify the address(es) of the Properties allegedly damaged by the alleged storm loss in its Complaint. Plaintiff's insurance claim involves properties located in both the Commonwealth of Kentucky and the State of Tennessee. State Auto has already issued substantial payment for alleged damage to Plaintiff's properties in Kentucky, and it is unclear from the Complaint whether this action relates to the properties in Kentucky or Tennessee. To the extent Plaintiff later clarifies that some of properties at issue are located outside the State of Tennessee, State Auto reserves the right to assert jurisdictional defenses.

[2] Plaintiff also requests that the Court appoint an umpire. Plaintiff's request for the Court to appoint an umpire is improperly brought in its Complaint and must be brought as a separate Motion. To the extent Plaintiff files a Motion requesting an umpire be appointed, State Auto will respond at the appropriate time.

constitute a violation of the Insurance Fraud Act found at [Tenn. Code Ann.] §§ 56-53-103(a)(1) ….." *Id.* at ¶ 31. Plaintiff further alleges "Defendants also knowingly, and repeatedly, misrepresented the policy coverage term of deterioration and wear and tear (existing conditions) as 'causes of loss' to deny coverage to Plaintiff[]…" and "the actions of Wakefield, EES, and State Auto were part of a pattern or practice of violation of the Insurance Fraud…". *Id.* at ¶¶ 7, 32.

Additionally, Plaintiff alleges "… desk adjuster Mike Wakefield provided Plaintiffs with a letter from Engineering & Environmental Services Group, (EES) to Mike Wakefield…detailing the results of their June 1-2[,] 2022 inspections." *Id.* at ¶ 4. Plaintiff also asserts EES "failed to properly inspect the subject properties, failed to show the blatant damages to the roofs, exterior claddings, that had been previously photographed and documented by Plaintiff[']s public adjuster and other consultants, and sent to EES prior to inspections." *Id.* at ¶ 5. Moreover, Plaintiff alleges "[a]ll acts by EES were undertaken and completed by its officers, agents, servants, employees, and/or representatives" and "[a]ll such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment." *Id.* at ¶ 29. Finally, Plaintiff seeks damages "of no less than FORTY MILLIONS [sic] DOLLARS AND punitive damages of no less than FORTY MILLION DOLLARS." *Id.*, Wherefore Clause.

As set forth more fully below, Plaintiff is not entitled, as a matter of law to (1) relief under Tenn. Code Ann. § 56-53-103(a)(1) as this statute applies to acts taken by or on behalf of an insured and does not apply to acts taken by an insurer; (2) any recovery on its cause of action related to "agency", as (a) no such cause of action exists, (b) EES is an independent, third party entity and is not owned, employed, or otherwise controlled by State Auto and (c) there are no allegations supporting that any agency relationship exists between State Auto and EES; or (3) an award of

punitive damages under controlling case law. Accordingly, Plaintiff's agency and Insurance Fraud Act claims, along with Plaintiff's request for a punitive damages, should be dismissed with prejudice.

## II. ARGUMENT AND LEGAL AUTHORITY

### A. Rule 12.02(6) Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss Plaintiff's claims if, accepting the allegations as true, they fail to state facts that support relief. "The purpose of a Rule 12(b)(6) motion is 'to test [against the legal standard set forth in Fed. R. Civ. P. 8] whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.'" *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 291 (6th Cir. 2015) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Thus, for a complaint to survive a Rule 12(b)(6) motion, it "must—when the record is construed in the light most favorable to the nonmoving party and when all well-pled factual allegations are accepted as true—contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)). Notably, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In reviewing a complaint, however, courts "'need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *D'Ambrosio*, 747 F.3d at 383 (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). Thus, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (explaining that Rule 8 requires more than an unadorned, "the-defendant-unlawfully-harmed-me accusation"). Instead, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362, 363 (6th Cir. 2015) (complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Thus, to survive a Rule 12(b)(6) Motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). A plaintiff must allege sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action will not do"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.     Plaintiff's Claims Under the Insurance Fraud Act Fail as a Matter of Law as § 56-53-103(a)(1) Does Not Apply to Insurers or Their Adjusters.**

Plaintiff's claims against State Auto under the Insurance Fraud Act fail as a matter of law. Below, State Auto addresses all three (3) sections of Tenn. Code Ann. § 56-53-103, even though Plaintiff has only cited to one: section (a)(1), which is addressed first.

### 1.     <u>Tenn. Code Ann. § 56-53-103(a)(1) Does Not Govern Communications From an Insurer or Actions Committed by an Insurer.</u>

Tenn. Code Ann. § 56-53-103(a)(1) prohibits <u>an insured</u> from misrepresenting or withholding material information from an insurer concerning a claim under the policy. Tenn. Code Ann. § 56–53–103(a)(1) specifically provides the following:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or <u>on behalf of an insured</u>, claimant or applicant <u>to an insurer</u>**, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following: The application for, rating of, or renewal of, any insurance policy; A claim for payment or benefit pursuant to any insurance policy; Payments made in accordance with the terms of any insurance policy; or The application for the financing of any insurance premium.

Tenn. Code Ann. § 56–53–103(a)(1) (emphasis added).

The Middle District of Tennessee has recognized "Tenn. Code Ann. § 56–53–103(a)…makes it unlawful for an **insured** person to "present[ ] ... to an **insurer** ... any information that the person knows to contain false representations… or that withholds or conceals a material fact, concerning ... [a] claim for payment or benefit pursuant to any insurance policy.'" *Cantrell v. Yates Servs., LLC*, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) (emphasis added). By its plain terms, Tenn. Code Ann. § 56–53–103(a)(1) is clearly intended to apply to actions committed by or on behalf of an insured, claimant, or applicant against an insurer, and nothing in either the statutory language or case law indicates that it contemplates claims for the opposite, namely the presentation of information by an insurer. Indeed, counsel for State Auto has located no case law supporting Plaintiff's novel position here that the statute, specifically section (a)(1), contemplates actions by an insured against its insurer. As a result, State Auto avers Tenn. Code Ann.§ 56–53–103(a)(1) does not give rise to any actionable claim brought by an insured against an insurer and should be dismissed for this reason alone.

Delving further, Plaintiff alleges a State Auto employee "presented false information to an insurance professional related to a claim." Complaint at ¶ 31. Plaintiff does not identify the insurance professional to whom the allegedly false information was presented, nor does Plaintiff allege that the statement was made on Plaintiff's behalf. Moreover, the alleged "false information" is not identified in any way. The claim should fail for this reason as well.

Additionally, in order for Plaintiff to have any actionable claim under this statute, Plaintiff must allege the offending statement made on its behalf was known "to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact" and such facts must have concerned "[t]he application for, rating of, or renewal of, any insurance policy; [a] claim for payment or benefit pursuant to any insurance policy; [p]ayments made in accordance with the terms of any insurance policy; or [t]he application for the financing of any insurance premium." Tenn. Code Ann. § 56–53–103(a)(1). Plaintiff has failed to make such an allegation within the Complaint.

Put simply, Plaintiff has failed to set forth any facts demonstrating Tenn. Code Ann. § 56–53–103(a)(1) contemplates actions by insurers or insurers' adjusters. Rather, the statute clearly provides that it is applicable to communications and acts "presented, by or on behalf of an insured, claimant or applicant". *Id.* Plaintiff has failed to identify any such acts here.

### 2. Tenn. Code Ann. § 56-53-103(a)(2) Applies to Only Four (4) Narrow Specified Actions, and Tenn. Code Ann. § 56-53-103(a)(3) is Inapplicable.

While Tenn. Code Ann. § 56–53–103(a)(1) is the only section of the Insurance Fraud Act referenced in Plaintiff's Complaint, to the extent the Court finds Tenn. Code Ann. §56-53-103(a)(2) and/or (a)(3) are implicated by the allegations, Plaintiff's claims under such sections also fail. Tenn. Code Ann. §56-53-103(a)(2) prohibits an insurer from misrepresenting or withholding material information in certain situations. Under these portions of the Insurance Fraud Act (again,

not cited by Plaintiff in the Complaint), an insurer or agent is deemed to commit an unlawful insurance act if it presents or withholds material information "in connection with an insurance transaction or premium finance transaction," the falsity of which is known or recklessly disregarded, concerning any of the following:

> (A) The solicitation for sale of any insurance policy or purported insurance policy;
> (B) An application for certificate of authority;
> (C) The financial condition of any insurer; or
> (D) The acquisition, formation, merger, affiliation or dissolution of any insurer.

Tenn. Code Ann. §56-53-103(a)(2). Notably, Plaintiff has alleged nothing against State Auto involving any of the above four (4) subjects and makes no reference to a "premium transaction" at all. In fact, Plaintiff only alleges that State Auto's employee declared he "needed specific details on the damage scope in disagreement before proceeding with appraisal." Complaint at ¶¶ 9, 31. Such allegation clearly fails to constitute the "solicitation for sale of any insurance policy or purported insurance policy". Nor does Plaintiff's allegation concern "an application for certificate of authority" or relate to the "financial condition of any insurer". Finally, Plaintiff's allegation fails to relate to any "acquisition, formation, merger, affiliation or dissolution of any insurer". Put simply, none of the specified topics listed in section (a)(2) apply to Plaintiff's allegation identified by Plaintiff in support of his insurance fraud claim. As a result, the Complaint does not state a cause of action against State Auto under section (a)(2).

Last, turning to Tenn. Code Ann. §56-53-103(a)(3), this section sets forth that an unlawful insurance act has been committed when a person:

> (3) Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency of which the person recklessly disregards.

Tenn. Code Ann. § 56-53-103(a)(3). Again, Plaintiff only claims that State Auto's employee requested information regarding the scope of disagreement between the parties before agreeing to proceed with appraisal. Complaint at ¶¶ 9, 31. Since there are no allegations within the Complaint referencing State Auto's alleged insolvency, section (a)(3) is not implicated either. Accordingly, Plaintiff's claims under the Insurance Fraud Act fail as a matter of law and should be dismissed.

### 3. Fed. R. Civ. P. 9(b) Bars Plaintiff's Insurance Fraud Act Claim.

In the event the Court determines the Tennessee Insurance Fraud Act allows an insured to bring claims against insurer under (a)(1), Fed. R. Civ. P. 9(b) applies to such claims. *Bush Truck Leasing, Inc. v. Cummins, Inc.*, No. 1:18-cv-871, 2020 U.S. Dist. LEXIS 120226, at *5 (S.D. Ohio July 9, 2020) ("Due to the 'high risk of abusive litigation,' *Twombly*, 550 U.S. at 569 n. 14, parties alleging fraud or misrepresentation are held to a heightened pleading standard. Fed. R. Civ. P. 9(b)"). To satisfy the heightened pleading requirement in Federal Rule of Civil Procedure 9(b), courts have recognized that "a complaint must set forth specific fraudulent or deceptive acts rather than general allegations." *Mantsevich v. Countrywide Home Loans, Inc.*, No. 1:12-CV-157, 2013 WL 1326963, at *5 (E.D. Tenn. 2013) (internal citations omitted).

Moreover, as this Court recently recognized in *FedEx Ground Package System, Inc. v. Route Consultant, Inc.*, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to allegedly deceptive, false, or misleading statements. No. 3:22-CV-00656, 2023 WL 2466624, at *6, n.4 (M.D. Tenn. March 10, 2023). Since Plaintiff alleged State Auto made deceptive, false, and/or misleading statements, Plaintiff must plead its allegations regarding fraud and misrepresentation with specificity pursuant to Fed. R. Civ. P. 9(b).

However, Plaintiff fails to plead its fraud or misrepresentation claims against State Auto with any particularity. Instead, Plaintiff alleges that "Defendants also knowingly, and repeatedly,

51064729 v4

9

Case 1:23-cv-00041 Document 7 Filed 06/27/23 Page 9 of 16 PageID #: 322

misrepresented the policy coverage term of deterioration and wear and tear (existing conditions) as "causes of loss" to deny coverage to Plaintiffs throughout the letter but the payments Defendant admits to making to Plaintiffs on the second page is still subject to appraisal process." Complaint at ¶ 7.  Further, Plaintiff asserts State Auto's employee stated he "'needed specific details on the damage scope in disagreement before proceeding with appraisal'…was a misrepresentation of policy coverage terms, and was certainly not a prerequisite to Defendants' [sic] mandatory participation in the appraisal process or a policy condition Plaintiffs [sic] must comply after their proper demand." *Id.* at ¶ 9. Plaintiff's allegations regarding (1) State Auto's denial of coverage and (2) State Auto's request for information on the scope of damage do not plausibly allege State Auto engaged in any fraudulent or deceptive acts, and Plaintiff's conclusory allegations that State Auto engaged in misrepresentation are insufficient to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b).  For these reasons, Plaintiff's Insurance Fraud Act claims should be dismissed.

**B.     Plaintiff's Agency Claim Fails as a Matter of Law.**

This claim is bizarre, as Plaintiff seeks to hold State Auto liable for the acts of a third-party engineering firm whose findings Plaintiff appears to have a disagreement.  Specifically, Plaintiff has alleged that EES Engineering & Environmental Services Group ("EES"), a separate corporation who is not named as a party to this lawsuit, failed to properly inspect the Properties and show the "blatant damages to the roofs, exterior claddings, that had been previously photographed and documented by Plaintiffs public adjuster and other consultants, and sent to EES prior to inspections." *Id.* at ¶¶ 4-5. Plaintiff has also asserted that State Auto "admitted to making payments for each location and relying on the EES report to support the denial of coverage." *Id.* at ¶ 7. In addition, Plaintiff alleged that "[a]ll acts by EES were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with

the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment." *Id.* at ¶ 29.

As an initial matter, there is no cause of action for agency in Tennessee. *Rotello v. Clayton Homes of Delaware, Inc.*, No. 3:03-CV-573, 2006 WL 2771018, at *4 (E.D. Tenn. Sept. 25, 2006) ("defendants argue that agency doctrine liability is not a cause of action under Tennessee law. … [D]efendants are correct that there is no cause of action for agency liability in Tennessee. Agency liability is a means by which a principle may be vicariously liable for an agent's tortious conduct. It is not an independent cause of action. Accordingly, plaintiffs' agency doctrine liability claim will be dismissed.") (citing *Jones v. Federated Financial Reserve Corp.,* 144 F.3d 961, 965 (6th Cir. 1998) (internal citations omitted)). Thus, this cause of action should be dismissed.

To the extent the Court determines Plaintiff may plead agency as a stand-alone cause of action, Plaintiff's agency claim fails as Plaintiff has failed to plead facts establishing that any agency relationship existed between EES and State Auto. In Tennessee, courts look to the parties' conduct and relationship to determine whether an agency relationship exists. *Star Transp., Inc. v. CSIR Enters.*, 409 F. Supp. 2d 939, 947 (M.D. Tenn. 2006). Courts have recognized that "[a] key factor in the examination of agency is whether the principal exercised control over the agent" and "[a]dditional factors to consider in evaluating the existence of an agency relationship include the following: (1) the source of the alleged agent's compensation; (2) the party who first set the alleged agent in motion; and (3) the party whose interests the agent is working to advance." *Id.* at 948 (internal citations omitted).

Further, in order to establish apparent authority, this Court has recognized that there must be a showing of "(1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent

agency possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment" and "in Tennessee…apparent authority must be based on the acts of the principal rather than those of the agent." *Id.* at 949 (internal citations omitted).

Here, Plaintiff has failed to make any allegations that an apparent authority or agency relationship existed between State Auto and EES. Instead, State Auto retained EES as an independent, third party vendor to conduct an inspection of the Properties. *See* **Ex. B** to Complaint, PageID # 61-142. State Auto does not have any control over the skill, expertise, or manner and method of inspections conducted by EES. Moreover, State Auto is not an employer of EES and is not alleged to be. *See generally* Complaint. EES is an independent, wholly-owned, third party vendor and is not owned, operated, employed, or controlled by State Auto. *Id.*

Moreover, in *Slay v. IB Travelin, Inc.*, the Western District of Tennessee held that a business relationship is insufficient to create an agency relationship. *Slay v. IB Travelin, Inc.*, 218CV02728SHMTMP, 2021 WL 2144333 at *1 (W.D. Tenn. May 26, 2021). In *Slay*, Plaintiff brought suit against two travel service agencies. *Id.* Plaintiff booked a trip electronically through IB Travelin and the trip included services to be provided by a separate company, Domiruth. *Id.* Plaintiff argued that IB Travelin was the apparent and actual agent of Domiruth. However, the Court recognized that "Domiruth did not by its actions "clothe[ ] [IB Travelin] with the appearance of authority" and "Domiruth did not solicit IB Travelin to sell travel services". *Id.* at *5. Rather, the Court held that "IB Travelin asked Domiruth for quotes on travel services that were then sold to United States customers" and "[a]fter Plaintiff purchased his tour package from IB Travelin, Domiruth prepared an itinerary for his trip, which displayed the Domiruth logo, Domiruth generated a confirmation number, and Domiruth provided emergency contact information." *Id.* Ultimately, the Court held that "Domiruth's actions demonstrate that there was a business

relationship between Domiruth and IB Travelin, but Domiruth's actions would not have indicated to Hunt that IB Travelin had apparent authority to bind Domiruth as Domiruth's agent. Hunt could not have relied on that authority." *Id.*

Just as in *Slay*, in the present case, EES and State Auto entered into a business relationship. Plaintiff has failed to plead that it relied on the alleged authority between EES and State Auto or that Plaintiff was injured by the alleged authority. The business relationship that existed between State Auto and EES is insufficient to create any agency relationship, and Plaintiff has failed to make any allegations to the contrary.

Additionally, to the extent Plaintiff seeks to hold State Auto liable for the acts of EES, it is well-settled that there is no legal basis to support imposing a duty to the insured on the hired expert consultant of the insurer. *Acuity v. McGhee Eng'g, Inc.*, 297 S.W.3d 718, 732 (Tenn. Ct. App 2008) (design engineer only owed duty to the party it contracted with); *Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1, 5 (Tenn. Ct. App. 1998) (an insurer's duty to defend the insured is governed by the insurance contract). Additionally, while there is no case law directly on point in Tennessee regarding whether an expert engineering consultant owes anyone other than its client a duty of care, other jurisdictions have found that an expert consultant only owes a duty to the party that retained them. *Graffagnino*, 514 F. Supp. 2d at 1046; *Kahn v. Burman*, 673 F. Supp. 210 (E.D. Mich. 1987), *aff'd* 878 F.2d 1436 (6th Cir. 1989); *Williams v. Nat'l Med. Servs., Inc.*, 400 F. 3d 1102, 1104 (8th Cir. 2005); *Lewis v. Swenson*, 617 P. 2d 69, 74 (Ariz App. Ct. 1980). Here, EES cannot have breached any duty to Plaintiff, because it had no duty to Plaintiff.

Additionally, to the extent Plaintiff seeks to bring a claim of vicarious liability (not alleged in the Complaint) against State Auto for EES' actions, Plaintiff has not and cannot substantiate this claim. It is well-settled that in order to establish vicarious liability, a plaintiff must prove "(1)

that the person causing the injury was the principal's agent[;] and (2) that the person causing the injury was acting on the principal's business and acting within the scope of his or her employment when the injury occurred." *Tucker v. Sierra Builders*, 180 S.W.3d 109, 120 (Tenn. Ct. App. 2005). Plaintiff has failed to allege either element. Plaintiff does not have any actionable claim against EES, and State Auto cannot be held vicariously liable for EES' alleged actions.

Finally, the Tennessee Supreme Court has recognized that no fiduciary relationship exists between an insurer and its insured. *MFA Mut. Ins. Co. v. Flint,* 574 S.W.2d 718, 720 (Tenn. 1978); *Heil Co. v. Evanston Ins. Co .,* No. 1:05–CV–284, 2009 U.S. Dist. LEXIS 17760, *7, 2009 WL 596001 (E.D. Tenn. Mar. 6, 2009) (finding no fiduciary duty between insurer and insured arising from contract provision permitting insurer to defend insured); *Bagsby v. Shelter Gen. Ins. Co.,* No. 87–153–II, 1988 Tenn. LEXIS 95, *8, 1988 WL 9809 (Tenn. Ct. App. Feb. 10, 1988) (citing to *Flint* and noting that there is no fiduciary relationship between insurer and its insured)."). Thus, State Auto was not under any fiduciary obligations to Plaintiff when investigating Plaintiff's claim.

As shown above, Plaintiff has failed to make plausible allegations establishing that any agency relationship existed between State Auto and EES and State Auto cannot be held liable for the acts or omissions of EES, who Plaintiff elected not to make a party to this action. As a result, Plaintiff's agency claim fails as a matter of law and must be dismissed.

**C.     Plaintiff Has Failed to Allege Fraud or Misrepresentation Justifying an Award of Punitive Damages.**

Plaintiff asserted that State Auto "knowingly, and repeatedly, misrepresented the policy coverage term of deterioration and wear and tear (existing conditions) as "causes of loss" to deny coverage to Plaintiffs…". Complaint at ¶ 7. Additionally, Plaintiff has alleged that State Auto's adjuster knowingly made a "misrepresentation of policy coverage terms". *Id.* at ¶ 9. In addition to seeking compensatory damages, Plaintiff seeks punitive damages "of no less than FORTY

MILLION DOLLARS." Complaint, Wherefore Clause. However, no factual allegations are provided in the Complaint to plausibly support an allegation that State Auto engaged in any fraudulent acts that support Plaintiff's punitive damages claim. Instead, the Complaint merely asserts State Auto or its adjuster engaged in misrepresentations, without any specific factual allegations substantiating this serious allegation.

In order to recover punitive damages, Plaintiff is required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) as set forth above, which it has failed to do entirely. It is well-settled under Tennessee law that as Plaintiff has failed "to plead fraud with the particularity required by Rule 9… it [is] certain that [Plaintiff] will not recover any punitive damages for fraud." *Currie v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-02915-JPM, 2013 WL 3776217, at *8 (W.D. Tenn. 2013).

The bare allegations set forth in Plaintiff's Complaint fall far short of justifying an award of punitive damages. Moreover, an award of punitive damages is generally disfavored in Tennessee. *Dog House Invs., LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 915–16 (Tenn. Ct. App. 2014) ("Punitive damages generally are not available in an action for breach of contract, but may be awarded only in the most egregious circumstances…. '[I]n the absence of fraud, there is no basis for punitive damages[.]')"). Plaintiff has failed to demonstrate that any circumstances exist justifying an award of punitive damages in the present case and has failed to plead fraud with particularity. Accordingly, Plaintiff's claim for punitive damages should be dismissed.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Insurance Fraud Act and agency claims, as well as its request for an award of punitive damages, should be dismissed *with* prejudice.

Respectfully submitted,

*/s/ Brian C. Neal*
Brian C. Neal (BPR #022532)
Kate A. Hamilton (BPR #039331)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3246
Facsimile: (615) 724-3346

*Attorneys for Defendant State Auto Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June 2023, I served a copy of the foregoing via the Court's CM/ECF system on the following:

Drayton D. Berkley
Berkley Law Firm, PLLC
1255 Lynnfield Ste. 226
Memphis, TN 38119

*/s/ Brian C. Neal*