IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| VOLUNTEER MANAGEMENT & DEVELOPMENT COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | NO. 1:23-cv-00041 |
| v. | ) ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| STATE AUTO PROPERTY & CASUALTY INSURANCE CO., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Pending before the Court is Defendant State Auto Property & Casualty Insurance Company's Partial Motion to Dismiss (Doc. No. 6), which is fully briefed (Doc. Nos. 7, 9-1, 10). For the reasons stated herein, the Motion to Dismiss is **GRANTED in part**.

## I. BACKGROUND

This case concerns losses claimed under a policy of insurance issued to Plaintiff Volunteer Management & Development Company ("Volunteer") by Defendant State Auto Property & Casualty Insurance Co. ("State Auto"). (Complaint, Doc. No. 1-1). Volunteer brings claims for breach of contract and insurance fraud against State Farm and a petition to compel appraisal and appoint umpire. (*Id*.). State Farm moves to dismiss the claims under the Insurance Fraud Act, "agency," and punitive damages. (Doc. No. 6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.    ANALYSIS

Plaintiff asserts a claim for insurance fraud under Tenn. Code Ann. § 56-53-103(a)(1). (Compl., Doc. No. 1, ¶ 31).  Defendant seeks dismissal of that claim because the cited statute applies only to actions of "an insured," thus Defendant, as the insurer, cannot violate that statutory provision.[1]

In response, Plaintiff quotes the same statute, but omits the operative phrase, "by or on behalf of an insured," effectively changing the scope of that statute so that its claim is cognizable. Plaintiff then provides the Court with a collection of statements concerning statutory construction

---

[1]    Defendant also cites other provisions found in Tenn. Code Ann. § 56-53-103 and explains their inapplicability. The Complaint cites only § 56-53-103(a)(1), and Plaintiff's Reply, to the extent that it is coherent, does not suggest its insurance fraud claim is rooted in any other provision.

2

principles and argues generally that the act passed by the legislature covers that actions of insurers. Plaintiff provides two cases for the general proposition that the unlawful insurance act "applie[s] to insurers" – *Craighead v. Bluecross Blueshield of Tennessee, Inc.*, No. M2007-01697-COA-R10-CV, 2008 WL 3069320 (Tenn. Ct. App. July 1, 2008), and *Green v. Mutual of Omaha Ins. Co.*, No. 10- 2487, 2011 WL 112735 (W.D. Tenn. Jan. 13, 2011). These cases do not help Plaintiff's argument.

*Craighead* involved a different statutory provision – Tenn. Code Ann. § 56-53-110 – which addresses immunity for providing information under Tenn. Code Ann. § 56-53-109. Similarly, *Green* involved a claim under Tenn. Code Ann. § 56-53-103(a)(2)(A), a provision Plaintiff does not argue serves as the basis for its claim.

The Court begins, as it must, with the plain language of the statute. In this narrow respect, Plainitff's Response is correct. Clear and unambiguous statutes will be enforced according to their clear terms. (*See* Response, Doc. No. 9-1 at 2 (citing *Lind v. Beaman Lodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011)). As Plaintiff also acknowledges, but fails to actually do in its response, "Every word of the statute will be given effect." (*Id*. (citing *Lind*, 356 S.W.3d at 895)).

The clear terms of Section 56-53-103(a)(1) – when all terms are included and considered – provide that this statute applies only to information presented "by or on behalf of an insured." Plaintiff concedes in its Complaint that Defendant is an insurer and that, in this case, Plaintiff was the insured. (*See* Compl., Doc. No. 1-1, ¶ 3). Accordingly, Plaintiff's claim for insurance fraud under Tenn. Code Ann. § 56-53-103(a)(1) fails as a matter of law, and Defendant's motion to dismiss that claim will be granted.

State Auto also seeks to dismiss Plaintiff's claim for "agency" and punitive damages. As these are not claims, they are not subject to dismissal. However the Court notes that Plaintiff does

not dispute that "agency" is not a stand-alone claim; it states that the agency allegations pertain to the "unlawful insurance" claim, which the Court has dismissed. With regard to an award of punitive damages, Defendant is correct that punitive damages are generally not available in a breach of contract case. *See Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 n.14 (Tenn. 2012). However, at this juncture, it is premature to decide whether this is one of "the most egregious cases" in which punitive damages may be warranted.

## IV.    CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. No. 6) will be **GRANTED** as to the claim for insurance fraud under Tenn. Code Ann. § 56-53-103(a)(1).

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4