# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT COLUMBIA

| | | |
|---|---|---|
| **VOLUNTEER MANAGEMENT &** | ) | |
| **DEVELOPMENT CO., INC.** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:23-cv-00041** |
| | ) | |
| **STATE AUTO PROPERTY & CASUALTY** | ) | |
| **INSURANCE CO.** | ) | |

To:    **Honorable William L. Campbell, Jr., Chief United States District Judge**

## REPORT AND RECOMMENDATION[1]

Pending before the Court are two dispositive motions: (1) Defendant's motion for sanctions and stay of remaining pretrial deadlines pending disposition (Docket No. 56), to which Plaintiff responded in opposition (Docket No. 67); and (2) Plaintiff's motion to dismiss without prejudice (Docket No. 64), to which Defendant responded in opposition (Docket No. 70). For the reasons discussed below, the undersigned respectfully recommends that Defendant's motion (Docket No. 56) be **GRANTED** and that this action be **DISMISSED** under Rules 16(f), 37(b), and 41(b) of the Federal Rules of Civil Procedure.[2] Solely for purposes of this report and recommendation, it is

---

[1] Although the underlying circumstances upon which the recommendation for dismissal is made involve a discovery dispute, which would ordinarily be within the jurisdiction of the Magistrate Judge to resolve by order, because dismissal is warranted and is dispositive, the undersigned submits this report and recommendation. Nevertheless, should the District Judge determine that dismissal for failure to comply with discovery obligations and orders of the Court is relief that can be granted by a magistrate judge, those portions of this report and recommendation finding that dismissal is warranted may be treated as an order directing that relief, subject to review as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). Plaintiff's motion to dismiss without prejudice (Docket No. 64) would then remain for the District Judge's consideration.

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

further respectfully recommended that Plaintiff's motion to dismiss without prejudice (Docket No. 64) be **DENIED**.

## I.      BACKGROUND

Familiarity with this case is generally presumed.  Nevertheless, because of the convoluted history of this case, the following facts and procedural history are reported.[3] Plaintiff originally initiated this litigation in the Circuit Court of Marshall County, Tennessee on January 30, 2023. (Docket No. 1-1 at 9.) In its complaint, Plaintiff alleged that it owns several properties that were damaged by a storm in December 2021. (*Id.* at 10.) Plaintiff asserted that Defendant insured and provided coverage for direct physical loss for those properties and paid certain amounts, but that an adjuster failed to show certain damages to the properties and that Defendant failed to comply with certain terms of the appraisal process. (*Id.* at 10–11.) Accordingly, in its complaint, Plaintiff requested the appointment of an umpire, asked for the initiation of an appraisal process, and sought damages for breach of contract and "insurance fraud" under Tenn. Code Ann. § 56-53-103(a)(1). (*Id.* at 11–16.)  Plaintiff also referenced "agency" and sought punitive damages. (*Id.* at 14–16.)

On June 20, 2023, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket No. 1.) Shortly after removal, Defendant filed a partial motion to dismiss (Docket No. 6), which the Court granted in part.[4] (Docket No. 28.) This resulted in the

---

[3] The underlying facts of the litigation are recited only as necessary to provide context to or explanation of this report and recommendation and, unless otherwise noted, are generally undisputed.

[4] After reviewing the parties' briefing on the motion to dismiss, the Court issued an order directing Plaintiff's counsel to show cause why they should not be sanctioned for removing operative phrases from Tenn. Code Ann. § 56-53-103(a)(1) in their briefing. (Docket No. 29.) After Plaintiff's counsel responded to that order, the Court directed Defendant to "submit documents showing attorneys' fees and costs incurred in addressing Plaintiff's inaccurate filing." (Docket No. 46.) Defendant did so (Docket No. 50), Plaintiff did not respond, and the Court awarded Defendant the fees that it requested (Docket No. 65).

dismissal of Plaintiff's claim for insurance fraud under Tenn. Code Ann. § 56-53-103(a)(1). (*Id.*) Defendant then filed its answer. (Docket No. 41.) The parties separately filed a joint motion for partial dismissal seeking the dismissal of Plaintiff's "agency-based claim" and "cause of action for breach of contract, compelling of appraisal and the appointment of umpire for any and all properties located in the Commonwealth of Kentucky." (Docket No. 30) The Court granted the motion and entered the parties' agreed order of partial dismissal. (Docket No. 45.)[5]

The remaining relief sought by Plaintiff is for "breach of contract, appointment of an umpire for the appraisal process, and compelling of appraisal" with respect to only two properties, both of which are located in Lewisburg, Tennessee: (1) Maple Grove, 1230 South Ellington Parkway; and (2) Hillside Terrace, 1520 Glen Avenue. (Docket No. 40 at 3.) Defendant filed an amended answer on April 18, 2024. (Docket No. 51.)

## II. DISCOVERY

Throughout the pendency of this case, Plaintiff has failed to comply with even the most basic discovery requirements, as well as the Court's orders. Defendant now seeks to dismiss this lawsuit as a sanction for those failures. The Court has provided Plaintiff with several opportunities to fulfill its discovery obligations – providing initial disclosures, producing documents, supplementing written responses, making witnesses available for depositions including fact witnesses and knowledgeable corporate representatives – but Plaintiff has failed to comply. Even as to those matters with which Plaintiff complied, such as site inspections, judicial intervention was required. As detailed below, this case, which is a relatively straight-forward contract dispute,

---

[5] The parties' prepared order included a dismissal of Plaintiff's claim for insurance fraud under Tenn. Code Ann. § 56-53-103(a)(1) even though that claim had already been dismissed by the Court.

has consumed an inordinate amount of the Court's time and Defendant's resources on these discovery issues, despite the issues being simple and easily resolved.

Following the initial case management conference held on September 13, 2023, the Court entered an Initial Case Management Order ("ICMO") on September 19, 2023 (Docket No. 12), which set forth the following relevant deadlines:

> E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **October 2, 2023**.
>
> * * *
>
> G. DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **March 15, 2024**. . . . All discovery disputes must be brought to the attention of the Court and all discovery-related motions must be filed by no later than **March 15, 2024**, unless otherwise permitted by the Court.

(*Id.* at 3, 5.)

The ICMO also included a general admonition of the Court's expectation that all parties and their counsel will "cooperate in discovery and [] act courteously and professionally in the resolution of any discovery disputes." (*Id*. at 5.) The Court further cautioned the parties and counsel of the possibility of imposition of "appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct." (*Id*.) These requirements and consequences were also discussed with counsel for the parties during the initial case management conference.

Defendant first alerted the Court of Plaintiff's failure to participate in the discovery process when Defendant filed a motion to compel on January 30, 2024. (Docket No. 15.) In this motion, Defendant asked the Court to compel Plaintiff to provide initial disclosures and responses to interrogatories and requests for production. (*Id.*) Defendant asserted that Plaintiff had not

submitted initial disclosures despite the October 2, 2023 deadline in the ICMO and had not responded to interrogatories and requests for production that were served by Defendant on November 22, 2023, despite repeated inquiries by Defendant's counsel about the past-due responses and the March 15, 2024 discovery cut-off date. (*Id.*) The Court denied the motion without prejudice because Defendant failed to state that its lead counsel had conducted the mandatory in-person meeting with Plaintiff's lead counsel in a good faith effort to resolve the discovery disputes that Defendant raised in its motion to compel. (Docket No. 17.)

In the Order, the Court noted that it was "unimpressed with the communications Plaintiff's counsel has made (or failed to make) to Defendant's counsel regarding these discovery matters" and warned Plaintiff that "it must confer in good faith with Defendant regarding the issues Defendant … raised in its motion to compel." (*Id*. at 17.) Plaintiff was additionally cautioned that failure "to confer in good faith may result in the imposition of sanctions, including an award of attorney's fees, or dismissal of this lawsuit." (*Id*.) The Court instructed Defendant to bring any unresolvable matters back to the attention of the Court by the original deadline of March 15, 2024. (*Id.* at 3–4.)

On March 1, 2024, the parties filed a joint discovery dispute statement in which they presented the same issues regarding Plaintiff's failure to serve initial disclosures and provide complete responses to discovery requests. (Docket No. 25.) The Court granted the motion with respect to the initial disclosures, but denied the motion without prejudice with respect to the discovery requests because the parties had not conferred over what Defendant alleged to be Plaintiff's incomplete or deficient responses. (Docket No. 26.) For Plaintiff's noncompliance with

5

the ICMO's requirement to serve initial disclosures by October 2, 2023, the Court imposed a sanction of reasonable expenses, including attorneys' fees, spent by Defendant. (*Id.* at 7.) [6]

The Court also ordered the parties to appear for an in-person discovery conference pursuant to Rule 16(a)[7] to discuss the substance of Plaintiff's purportedly deficient responses to Defendant's written discovery requests. (*Id.* at 7–8.) The Court permitted the parties to "file a new joint discovery dispute statement and joint motion for a discovery conference" if the in-person discovery conference did not resolve the discovery issues. (*Id.* at 8.)[8] By this time, however, the discovery deadline had expired without completion of discovery due primarily to Plaintiff's lack of cooperation, not only in fulfilling its discovery obligations generally but also failing to participate as required in resolution of discovery disputes, and despite Defendant's efforts, lackluster as they might have been, to compel Plaintiff's participation.[9]

---

[6] The Court ordered Defendant to file a motion requesting a specific amount of reasonable expenses by April 1, 2024 (Docket No. 26 at 7), but Defendant missed that deadline. Accordingly, the Court found that Defendant could not recover expenses related to Plaintiff's failure to obey the deadline in the ICMO to provide initial disclosures, but the Court expressed no opinion on Defendant's ability to obtain any other sanctions. (Docket No. 49 at 5.)

[7] The parties were originally ordered to appear for the discovery conference on March 19, 2024 (Docket No. 26 at 7), but that date was rescheduled to March 25, 2024 (Docket No. 33).

[8] The Court notes that counsel for all parties in this case appeared unable to grasp the concept of substantive discussions of the discovery issues and deficiencies, as discussed in more detail in the Court's various discovery orders. For example, Defendant's counsel seemed to understand their responsibility only as insisting on deadlines for discovery responses and not to discuss the substance of incomplete or deficient responses. As discussed throughout this report and recommendation, Plaintiff and its counsel appear to have failed altogether to comprehend even the basic requirement that Plaintiff has discovery obligations with which it is must comply.

[9] The Court also notes that, around this same time, the Court entered a First Modified Case Management Order (the "First Modified CMO") (Docket No. 36), which primarily addressed the parties' failure to comply with the requirements for attempts at resolution of this case, but in which the Court also reminded the parties and their counsel that "failure to comply with the Court's orders may result in any of the sanctions authorized by Fed. R. Civ. P. 16(f) or those within the Court's

On March 27, 2024, the parties filed a joint motion to revise the scheduling order. (Docket No. 40.) In response to that motion, the Court entered a Second Modified Case Management Order (the "Second Modified CMO") on March 29, 2024. (Docket No. 42.) The Court presumed that the parties resolved the issues set forth in their joint discovery dispute statement related to Plaintiff's deficient written discovery responses. (*Id.* at 1–2.) The Court also revised certain case management deadlines, as requested by the parties, due to Defendant's inability to fully investigate Plaintiff's claims because of Plaintiff's lack of cooperation in discovery. The revised case management schedule included the following:

1. INITIAL DISCLOSURES. The deadline for Plaintiff to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents, is extended from October 2, 2023, to **April 8, 2024**. All other provisions for initial disclosures remain unchanged.

2. DISCOVERY. The deadline for Defendant to depose all facts witnesses is extended from March 15, 2024 to **May 8, 2024**. Except for any remaining unresolved disputes detailed in the parties' prior joint discovery dispute statement (Docket No. 25), which must be detailed in a new filing by no later than **April 1, 2024** (see Docket No. 33), the deadline for Defendant to bring all discovery disputes to the attention of the Court and to file all discovery-related motions is extended from March 15, 2024 to **May 15, 2024**, unless otherwise permitted. The deadline for Defendant to complete all site inspections is **May 15, 2024**. All other provisions for discovery, including for resolution of discovery disputes, remain unchanged.

(*Id.* at 2–3.)

A few days later, on April 1, 2024, the parties filed another joint discovery dispute statement. (Docket No. 43.) [10] Defendant set forth six issues: (1) Plaintiff's late initial

_____

inherent authority to manage its own dockets. Upon any further noncompliance with its orders, the Court will consider imposition of such sanctions." (*Id.* at ¶ 4.)

[10] The parties did not "set forth exactly what discovery is in dispute (either by including the text of the discovery requests and responses or by attachment as exhibits)" as required under

disclosures[11]; (2) Plaintiff's incomplete written discovery responses; (3) Plaintiff's failure to prepare a Rule 30(b)(6) deposition representative; (4) Plaintiff's late and deficient Rule 26 expert disclosure; (5) Plaintiff's inaccurate statements regarding ownership of the four properties at issue; and (6) Plaintiff failure to produce information to support its position regarding appraisal. (*Id.* at 1–16.) Although the statement was filed jointly, Plaintiff failed to provide its position, despite its counsel receiving a draft of the statement from Defendant. (*Id.* at 16–17.)

The Court issued an order on April 16, 2024 resolving the discovery disputes (the "Discovery Order"). (Docket No. 49.) The Court ordered Plaintiff to supplement its written responses to several of Defendant's discovery requests, produce documents it had failed to produce, produce all written demands it made for appraisal, and produce a Rule 30(b)(6) witness. (*Id.* at 9–10.) With respect to these directives, the Court stated that Plaintiff's failure to comply would "result in a recommendation for or dismissal of this action, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(v)." (*Id.* at 10–11.) The Court also awarded Defendant reasonable expenses, including attorneys' fees, as a sanction for Plaintiff's discovery misconduct. (*Id.*)[12] Finally, the

---

Local Rule 37.01(b). The Court ordered Defendant to file all discovery requests and responses at issue in the statement by April 8, 2024 (Docket No. 44), which Defendant did. (Docket No. 47.)

[11] This issue was essentially an anticipatory one, as acknowledged by Defendant, because the parties had already agreed to an extension of the deadline for Plaintiff's initial disclosures until April 8, 2024. (Docket No. 42.) However, Plaintiff did not provide initial disclosures by this agreed-upon deadline. Plaintiff was then afforded even more time for initial disclosures in the Court's order compelling discovery. (Docket No. 49.) As of May 6, 2024, when Defendant's motion to dismiss was filed, Plaintiff still had not produced initial disclosures. (Docket No. 57 at 2-3.)

[12] Although attorneys' fees were awarded, Defendant was required to file a motion for the specific amount of fees incurred. An order was entered on July 9, 2024 (Docket No. 75), granting sum certain attorneys' fees and other expenses to Defendant.

8

Court held that Plaintiff was precluded from using any expert witness in this case due to its failure to comply with the schedule for expert disclosures and reports. (*Id.* at 11.)

Later, on April 26, 2024, Defendant filed a motion to compel site inspection after Plaintiff failed to respond to Defendant's attempts to coordinate dates to inspect the two Lewisburg, Tennessee properties at issue in the lawsuit. (Docket No. 52.) The Court granted the motion and ordered Plaintiff to permit Defendant to inspect the two properties. (*Id.* at 5.) The Court also awarded Defendant reasonable expenses, including attorneys' fees, as a discovery sanction and warned Plaintiff that "failure to permit inspection as directed will result in a recommendation for dismissal of this action, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(v)." (*Id.*)[13] In the order, the Court addressed Plaintiff's failure to participate in discovery:

> [T]he Court once again finds that Plaintiff has failed to meaningfully participate in discovery and, therefore, sanctions are warranted. The Court has gleaned from Defendant's motion and the email correspondence submitted by Defendant that one of Plaintiff's counsel has suffered a recent death in the family. (Docket No. 52-1; Docket No. 53 at 7 n.2.) While the Court is sympathetic to these personal circumstances, the Court cannot ignore the fact that Plaintiff has multiple counsel in this matter and that Plaintiff's counsel have consistently and continuously failed to meaningfully cooperate in discovery.

(*Id.* at 3.)

On May 6, 2024, Defendant filed the instant motion seeking dismissal of Plaintiff's claims as a sanction for Plaintiff's failure to comply with its discovery obligations. (Docket No. 56.) Defendant also filed a notice stating that Plaintiff failed to provide a Rule 30(b)(6) deposition representative and that fact witnesses Chris Tursky and Brad Tursky did not appear for depositions. (Docket No. 58.) The Court then entered an order directing Plaintiff to respond to the instant motion for sanctions and to Defendant's contentions that: (1) Plaintiff failed to provide Initial

---

[13] See *supra* n.12.

Disclosures and supplement responses to Defendant's written discovery; (2) Plaintiff allegedly failed to provide a Rule 30(b)(6) deposition representative; (3) Chris Tursky and Brad Tursky did not appear for depositions; and (4) Plaintiff's counsel failed to respond to correspondence from Defendant's counsel regarding these and other discovery issues. Plaintiff was expressly ordered to address the reasons for this alleged misconduct in **specific detail**. (Docket No. 60 at 1) (emphasis in original).

On May 20, 2024, Plaintiff filed a response in opposition to the motion for sanctions, in which it stated that one of its counsel, John Drake, had been dealing with the death of a parent and all the challenges that surround such an event, which made it difficult to comply with deadlines and respond to communication from Defendant's counsel. (Docket No. 67.) Other than these general circumstances of Plaintiff's counsel, Plaintiff's response fails to address the specific issues identified by the Court. The response does not provide any explanation for why Plaintiff's co-counsel, Drayton Berkley, neither assisted Plaintiff in properly completing discovery nor responded to correspondence from Defendant's counsel. Moreover, Mr. Berkley did not sign Plaintiff's response, even though he is co-counsel of record.

Separately, on May 10, 2024, Plaintiff filed a motion to dismiss, in which it asks the Court to dismiss its claims against Defendant without prejudice pursuant to Rule 41(a)(2). (Docket No. 64.) Defendant opposes the motion. (Docket No. 70.)

### III.    LEGAL STANDARDS AND ANALYSIS

Rule 37(b) authorizes the imposition of sanctions for discovery misconduct. Specifically, Rule 37(b)(2) authorizes the district court to sanction a party that "fails to obey an order to provide

or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2)(A) describes the type of sanctions the court may impose, which include dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v).[14] Similarly, the plain language of Rule 16(f) authorizes dismissal as a sanction when a party or its attorney fails to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C) (incorporating sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii), which include dismissal).

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999); *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Twp. of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[15]

Courts generally consider four factors, sometimes called the *Regional Refuse* factors, in determining whether dismissal under any of these circumstances is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

---

[14] Rule 37(d) additionally authorizes the district court to sanction a party for failure to cooperate in discovery, including for failure to serve "answers, objections, or written responses" to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Rule 37(d)(3) describes the type of sanctions the court may impose and incorporates Rule 37(b)(2)(1)(i)-(v), which includes dismissal. Fed. R. Civ. P. 37(d)(3) (incorporating Rule 37(b)(2)(A)(v)). The Court finds that Rule 37(d)(3) provides an additional basis upon which dismissal of this case is warranted. The Court further finds that the other requirements of Rule 37(d) are satisfied. Specifically, that Defendant filed a motion as required by Rule 37(d)(1)(A) and that the parties conferred in good faith in an attempt to resolve the discovery dispute prior to filing the motion.

[15] Dismissals pursuant to Rule 41(b) may also be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (citation and internal quotation marks omitted). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). The non-compliant party "has the burden of showing that [its] failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

## A.   DEFENDANT'S MOTION FOR SANCTIONS (DOCKET NO. 56)

In the instant motion for sanctions, Defendant asks the Court to dismiss Plaintiff's claims as a sanction for Plaintiff's failure to comply with several of the Court's orders. (Docket No. 56.) Defendant seeks this remedy pursuant to Rule 37(b)(2)(A), Rule 16(f)(1)(C), Rule 41(b), and the Court's inherent authority.[16] Throughout its motion, Defendant refers to three orders: (1) the

---

[16] Because the Court finds that dismissal is appropriate under Rules 16(f), 37(b), and 41(b), the Court will not further expend already limited judicial resources in an expansive discussion of the Court's inherent authority. Rather, the Court will simply refer to the long-standing rule that

> [t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [its] failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

ICMO (Docket No. 12); (2) the Second Modified CMO (Docket No. 42); and (3) the Discovery

Order (Docket No. 49). Defendant argues that Plaintiff violated these three orders because it failed

to provide initial disclosures and supplement discovery responses despite the Court's clear

direction to do so.

**1.      Dismissal Under Rule 37(b)(2)(A)**

Defendant argues that Plaintiff's claims should be dismissed under Rule 37(b)(2)(A)(v),

which provides:

> (2)      Sanctions Sought in the District Where the Action Is Pending.
>
> (A)      *For Not Obeying a Discovery Order*. If a party . . . fails to obey an
> order to provide or permit discovery, including an order under Rule
> 26(f), 35, or 37(a), the court where the action is pending may issue
> further just orders. They may include the following:
>
> . . .
>
> (v)      dismissing the action or proceeding in whole or in part . . .

Under this rule, "a district court may sanction parties who fail to comply with its orders in a variety

of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

Of course, "[d]ismissal is a harsh sanction which the court should order only in extreme

situations showing a clear record of delay or contumacious conduct by the plaintiff." *Shavers v.*

*Bergh*, 516 F. App'x 568, 570 (6th Cir. 2013) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th

Cir. 1991)) (cleaned up). Nevertheless, failure to respond to discovery may constitute

---

*Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  While this case is not one in which Plaintiff
has simply abandoned its claims, the delay in progression of the case due to Plaintiff's failure to
cooperate in discovery is equally sanctionable, as it has consumed an inordinate amount of the
Court's already limited judicial resources and further congested the Court's already voluminous
calendar of other matters requiring attention.

contumacious conduct that warrants dismissal. *Barron v. University of Michigan*, 613 F.App'x. 480, 484-85 (6th Cir. 2015). Here, consideration of these factors compels dismissal.

As a threshold matter, the Court finds that Plaintiff has exhibited a clear record of delay or contumacious conduct that alone supports dismissal. Plaintiff has failed to cooperate in even the most basic discovery obligations expected of a litigant, which has resulted in an unreasonable delay of what is otherwise a straight-forward breach of contract case and materially hampered Defendant's ability to present a defense. Either Plaintiff has simply failed to participate in discovery altogether – specifically with respect to initial disclosures under Rule 26(a)(1), timely and complete responses to Defendant's written discovery requests, and production of deposition witnesses even after ordered to do so – or Plaintiff has only discharged its discovery obligations – specifically to permit inspection of the subject commercial buildings – after judicial intervention that was necessitated by Plaintiff's lack of cooperation. The Court finds that Plaintiff's failure to cooperate in discovery, which has resulted in protracted and unnecessary judicial intervention, is the kind of stubborn disobedience that warrants dismissal. Nevertheless, even if this conduct alone is not determinative, the balance of the factors supports dismissal of this case.

### a. *Whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault*

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (internal quotations omitted). Here, Plaintiff's discovery failures, which include, at a minimum, failure to provide initial disclosures as ordered, failure to supplement its discovery responses as ordered, failure to cooperate in making fact and corporate representative witnesses available for deposition as ordered, and failure to cooperate in the necessary site inspections until ordered to do so, are due

14

to its own willfulness and fault. Although Defendant relies primarily on Plaintiff's failure to produce initial disclosures and failure to fully respond to written discovery as the bases for dismissal, the Court finds that Plaintiff's failure to cooperate in scheduling of depositions and in inspection of the commercial properties without judicial intervention, are additional examples of the pattern of Plaintiff's discovery misconduct furthering bolstering that dismissal is warranted in this case.

With respect to initial disclosures, it is undisputed that Plaintiff failed to provide initial disclosures, even after orders compelling it to do so and multiple lengthy extensions. It is likewise undisputed that Plaintiff failed to supplement its written discovery responses as compelled by the Discovery Order.[17] Plaintiff has had ample time to provide initial disclosures – over eight months – and to supplement its discovery responses – nearly two months. However, to-date, Plaintiff has failed to meet either of these obligations. It is not difficult to find bad faith or an "intent to thwart judicial proceedings" in such a blatant and intolerable disregard of this Court's orders. *See In re Berkley*, No. 1:22-cv-02296-STA-jay, No. 1:22-cv-01115-STA-jay, No. 1:22-cv-01134-STA-jay, 2023 WL 4383345, at *7 (W.D. Tenn. Apr. 2, 2023).[18]

---

[17] Also worth noting is that Plaintiff failed to provide timely original responses to written discovery propounded by Defendant in November of 2023, and only did so in February of 2024, after multiple communications by Defendant's counsel about the overdue responses. When finally submitted, Plaintiff's responses were purportedly deficient and remained so despite the Discovery Order compelling supplemental responses.

[18] In that case, Magistrate Judge Jon York considered three motions for sanctions in three separate, though related cases. *In re Berkley*, No. 1:22-cv-02296-STA-jay, No. 1:22-cv-01115-STA-jay, No. 1:22-cv-01134-STA-jay, 2023 WL 4383345, at *1 (W.D. Tenn. Apr. 2, 2023). The three cases bear a striking similarity to this case – in all three, the plaintiffs "generally alleged breach of contract claims for Defendant-insurers' failure to properly pay claims to repair damage to various insured properties" and were represented by the same counsel, Drayton Berkley. *Id.* After reviewing the procedural background of each case, Judge York found that Mr. Berkley "demonstrated dilatory tactics and a lack of diligence that the Court does not tolerate" and

15

In its response to the motion, Plaintiff provides no clear explanation for why it has failed to provide initial disclosures or supplement its discovery responses. (Docket No. 67.) Plaintiff states that its counsel, John Drake, dealt with the injury and death of a parent in late March and April 2024. (Docket No. 67.) Plaintiff's response further states that these circumstances made it difficult for Mr. Drake to comply with deadlines and respond to communications from Defendant's counsel. (*Id.*) Although the Court is sympathetic to counsel's loss of a parent and is has no doubt that Mr. Drake was overwhelmed by dealing with the death of his father while managing his law practice and keeping up with case deadlines, the Court nevertheless finds Plaintiff's failure to comply with the Court's longstanding orders regarding initial disclosures to be inexcusable. Plaintiff's most recent failures, which occurred during Mr. Drake's personal loss, are simply a continuation of Plaintiff's pattern of ignoring its discovery obligations throughout the entirety of this case, despite Defendant's efforts and intervention by the Court.

Further, whatever circumstances befell Mr. Drake, Plaintiff was also represented by Drayton Berkley. Neither Plaintiff nor Mr. Berkley have provided an excuse to the Court for Mr. Berkley's failure to assist Plaintiff with discovery and resolution of discovery disputes. From the Court's review of correspondence between counsel for the parties, Mr. Berkley appears to be uninvolved in this matter despite being counsel of record. For example, Defendant's counsel emailed both Mr. Drake and Mr. Berkley on April 11, 2024 in an attempt to set dates for a site inspection and depositions. (Docket No. 52-1 at 2.) In that email, Defendant's counsel acknowledged the family matters with which Mr. Drake was dealing, but included Mr. Berkley "since he is also attorney for Plaintiff." (*Id.*) Having received no response, Defendant's counsel

---

ultimately recommended that all three motions for sanctions be granted and all three cases be dismissed. *Id.* at *1, 8.

sent another email on April 17, 2024 and again on April 23, 2024. (*Id.* at 3–4.) All these emails included both Mr. Drake and Mr. Berkley. However, neither counsel responded. The Court finds Mr. Berkley's lack of response to be particularly unacceptable given that his co-counsel was dealing with a family emergency. For all these reasons, the Court finds that Plaintiff has failed to carry its burden of demonstrating that its lack of cooperation was due to inability, not bad faith, or fault, which therefore weights this factor in favor of dismissal.[19]

      **b.**     ***Whether the opposing party was prejudiced by the dilatory conduct***

As for the second factor, a defendant can show prejudice by establishing that "the plaintiff's conduct" caused the defendant to "waste[] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Shavers*, 516 F. App'x at 570 (internal citations omitted). Here, Plaintiff was undoubtedly obligated to provide initial disclosures and supplemental discovery responses, to produce fact witnesses and corporate representative witnesses for depositions, and to cooperate in site inspections without judicial intervention, all of which Plaintiff failed to do. To paraphrase Judge York's fitting statements in *In re Berkley*, 2023 WL 4383345 at *7, these are not complicated procedural requirements nor difficult steps in discovery, and yet, in

---

[19] The Court finds it important to reiterate that even if Plaintiff's latest failures are attributable in part to Mr. Drake's personal circumstances, there is a long history in this case of Plaintiff failing to comply with basic discovery obligations and no suggestion that Plaintiff lacks culpability in the ongoing discovery misconduct. Further, according to Judge York review of cases pending in the Western District of Tennessee, Mr. Berkley has similarly demonstrated a pattern of inexcusable dilatory tactics and a lack of diligence. *In re Berkley*, *supra* at *1, 8. Moreover, it is well-established that the client, having chosen a particular attorney as its counsel of record, cannot "avoid the consequences of the acts or omissions of this freely selected agent," and that "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [its] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

this case, Defendant and this Court have already spent numerous hours compelling compliance, much of which to no avail.

Defendant has been forced to waste time, money, and effort in the discovery process because of Plaintiff's failure to comply with the Court's orders and to cooperate in discovery otherwise generally. Further, the period for fact discovery has now expired and the deadline for filing motions for summary judgment is imminent, all without Plaintiff yet complying with its basic discovery obligations. Plaintiff's discovery misconduct has obstructed Defendant's ability to defend this case. Based on all these circumstances, the Court finds that Defendant has been prejudiced by Plaintiff's discovery failures and that this second factor weighs in favor of dismissal.

<b>c.    <i>Whether the subject party was warned that failure to cooperate could lead to dismissal</i></b>

The third factor generally requires the Court to analyze whether the party was warned that failure to cooperate could lead to dismissal. However, as Judge York noted, while the third factor "establishes a preference for warning parties that dismissal is being contemplated by the court … there are instances where dismissal without such a warning is acceptable." *In re Berkley*, 2023 WL 4383345 at *6. Specifically,

> [t]he Supreme Court has provided that a party's failure to adequately prosecute a case, resulting in a "drawn-out history" that establishes the party is "deliberately proceeding in [a] dilatory fashion" may support an unwarned dismissal. *Link*, 370 U.S. at 633. The Sixth Circuit further provides that where a "derelict party has engaged in . . . contumacious conduct," courts may dismiss a case without such warning. *Shavers*, 516 Fed. Appx. at 571 (internal quotations omitted); *see also Harmon v. CSX Transp.*, 110 F.3d [364], 367 (6th Cir. 1997) (citing that penalties short of dismissal should be imposed "unless the derelict party has engaged in bad faith or contumacious conduct." (internal citations omitted)); *see also Knoll v. AT&T*, 176 F.3d 359, 366 (6th Cir. 1999) (providing that "dismissal typically involves consideration of the remaining three factors cited earlier, [but] their importance fades in the face of . . . contumacious conduct."). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Mager*, 924 F.3d at 837 (quoting *Carpenter*, 723 F.3d at 705).

18

*Id.* As discussed in more detail above, the Court finds that Plaintiff has engaged in the kind of dilatory and contumacious conduct that warrants a dismissal without warning.

But Plaintiff was also provided with ample warning of the consequences if it did not meet its discovery obligations. The ICMO expressly cautioned all parties of the possibility of the imposition of "appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct." (Docket No. 12 at ¶ G.) The Discovery Order also warned Plaintiff that its "failure to produce the supplemental responses and documents as directed will result in a recommendation for or dismissal of this action, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(v)." (Docket No. 49 at 10.) In short, Plaintiff cannot claim to be surprised that failing to meet its discovery obligations could result in dismissal of this case. By all appearances, the Court's explicit warnings regarding dismissal of this action have done nothing to compel Plaintiff to comply with the Court's orders. For all these reasons, this third factor weighs in favor of dismissal.

### d. *Whether less drastic sanctions were imposed or considered before dismissal was ordered*

The fourth and final inquiry is whether less drastic sanctions were imposed or considered. Where there is an "absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice[.]" *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 197) (quoting *Freeland*, 103 F.3d at 1280 (internal citations omitted)). Dismissal, then, is "appropriate only if . . . *no alternative sanction* would protect the integrity of the pretrial process." *Carpenter*, 723 F.3d at 709 (internal quotations omitted). Here, less drastic sanctions were both considered and imposed: the Court afforded Plaintiff multiple opportunities to voluntarily comply with its discovery obligations without sanctions and imposed awards of attorneys' fees and expenses to Defendant when Plaintiff

still failed to comply.[20] This less drastic relief and sanctions did not prompt Plaintiff to comply with the Court's orders. Because Plaintiff has been given multiple opportunities to avoid dismissal, has been sanctioned as an alternative, and still fails to comply, the Court cannot find that any less drastic remedy would produce a different result. *See e.g. In re Berkley*, 2023 WL 4383345 at *8 ("If Court Orders alone are not enough, and monetary sanctions are not enough, the Court is simply at a loss as to how to enforce compliance. Dismissal is the only appropriate sanction remaining.")

The Court also notes the inordinate judicial resources this case has consumed. As Judge Trauger observed, "[t]he common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligations to *all* litigants … to administer justice fairly, promptly, and adequately." *Ciccio v. Smiledirectclub, LLC*, No. 3:19-CV-00845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) (emphasis in original). The judicial intervention necessitated by Plaintiff's failure to comply with even the most basic discovery requirements has substantially interfered with the Court's obligations to other litigants who follow the rules.

### 2. Dismissal Under Rule 16(f)(1)(C)

Defendant also asks the Court to dismiss Plaintiff's claims under Rule 16(f)(1)(C) based on Plaintiff's failure to provide initial disclosures as required by the ICMO, the Second Modified ICMO, and the Discovery Order.[21] Rule 16(f)(1)(c) provides:

---

[20] The Court awarded Defendant's attorneys' fees related to Plaintiff's failure to serve initial disclosures by October 2, 2023 (Docket No. 26 at 7), to provide adequate written responses to certain discovery requests (Docket No. 49 at 10), and to produce documents in response to Defendant's requests for production (*id.*).

[21] Defendant asserts that Plaintiff's failure to provide initial disclosures violates the Discovery Order. (Docket No. 57 at 10.) Presumably, this refers to the general directive in the Discovery Order compelling Plaintiff to produce all documents that had not yet been produced. This is a generous construction by Defendant, as the prior Second Modified CMO (Docket No. 42) ordered Plaintiff to provide initial disclosures by April 8, 2024, which Plaintiff failed to do.

(f)     Sanctions.

    (1)     *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

    . . .

    (C)     fails to obey a scheduling or other pretrial order.

The plain language of Rule 16(f), as is relevant here, provides that when a party fails to obey a pretrial order, the Court may dismiss the action in whole or in part. Fed. R. Civ. P. 16(f); 37(b)(2)(A). *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citations omitted) ("District courts have tools 'to penalize' those who violate their rules . . . Rule 16(f) authorizes courts to issue 'just orders,' including the sanctions listed in Rule 37(b), for failure to follow a scheduling or other pretrial order.").

District courts have wide latitude under Rule 16 to impose sanctions for failure to comply with their scheduling orders and have discretion to impose sanctions that are appropriate under the circumstances. *Clarksville–Montgomery Cnty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991); *Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 753 (6th Cir. 2003) (citing Fed. R. Civ. P. 16(f) advisory committee's notes to 1983 amendment). In determining the appropriate sanctions under Rule 16(f), the Court analyzes the same factors considered when issuing sanctions under Rule 37(b). *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013) (recognizing that "[t]he analysis under Rule 16(f) and Rule 37(b) is the same").

For all the reasons stated above, Plaintiff has failed to comply with the Court's orders despite the considerable time and resources expended by Defendant to compel Plaintiff's

---

Even if Plaintiff similarly understood the Discovery Order to extend the time for initial disclosures to April 30, 2024, Plaintiff continued its pattern of noncompliance by failing to provide initial disclosures by that date.

21

compliance with what are the basic obligations of any party litigant, which has resulted in substantial prejudice to Defendant. Plaintiff has not provided a sufficient excuse for its failure to comply, despite multiple opportunities to do so and warnings of the potential consequences. For the same reasons that the *Regional Refuse* factors compel dismissal under Rule 37(b)(2)(A), the Court finds that dismissal is warranted pursuant to Rule 16(f)(1)(C) for Plaintiff's failure to comply with the ICMO, the Second Modified ICMO, and, to the extent applicable, the Discovery Order.

### 3. Dismissal Under Rule 41(b)

Dismissal of this case is also appropriate under Rule 41 for Plaintiff's failure to comply with this Court's orders. Rule 41(b) provides:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Under this rule, the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *Brown v. Colvin*, No. 3:13–0799, 2014 WL 4628519, at *1 (M.D. Tenn. Sept. 15, 2014) (citing *Bishop*, 790 F.2d at 39; *Patterson*, 760 F.2d at 688; *Carter*, 636 F.2d at 161).

Here, Plaintiff has failed to comply with orders of the Court and has offered no justification for its failure. Plaintiff was sufficiently warned that failure to comply with the Court's orders would result in dismissal of its claims against Defendant. Plaintiff has unreasonably delayed the progression of this case and materially hampered Defendant's ability to prepare a defense. For the same reasons that the Court finds sanctions to be appropriate under Rule 37(b)(2)(A) and Rule

16(f)(1)(C), including upon consideration of the *Regional Refuse* factors, the Court finds that dismissal of Plaintiff's remaining claims under Rule 41(b) is warranted.

## B.    PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (DOCKET NO. 64)

Plaintiff asks the Court to dismiss this action without prejudice pursuant to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether a dismissal without prejudice under Rule 41(a)(2) should be granted "is in the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F. 3d 716, 718 (6th Cir. 1994) (citation omitted). The focus is on whether "the Defendant would suffer 'plain legal prejudice' because of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). "In determining whether a defendant will suffer plain legal prejudice" from a Rule 41(a)(2) dismissal without prejudice, district courts consider the following four factors as set forth by the Sixth Circuit in *Grover*:

> (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on part of plaintiff in prosecuting the action; (3) insufficient explanation for need to take a dismissal; and (4) whether a motion for summary judgment has been filed by defendant.

*Id.* (citation omitted).

In its brief motion, Plaintiff argues that a dismissal without prejudice under Rule 41(a)(2) is "in the interests of justice and judicial economy." (Docket No. 64 at 1.) Plaintiff asserts that the original lawsuit included properties "not within the jurisdiction of the Court" and that "further investigation is needed and the matter as filed did not have all the appropriate parties." (*Id.* at 1–2.)  In its response, Defendant argues that dismissal *without* prejudice is improper under the *Grover* factors because Defendant has incurred effort and expense for trial preparation, Plaintiff has failed to prosecute its claims, and Plaintiff has failed to sufficiently explain why dismissal is appropriate. (Docket No. 70 at 4–14.) Plaintiff does not address the *Grover* factors in its original motion and

23

failed to file a reply to Defendant's response in opposition to the requested dismissal without prejudice. The Court agrees with Defendant that dismissal *without* prejudice under Rule 41(a)(2) is inappropriate.

### 1. Defendant's effort and expense of preparation for trial

A dismissal of Plaintiff's claims at this late stage in litigation would prejudice Defendant. Under the first factor of the *Grover* test, the Court finds that Defendant has undertaken considerable effort and expense in defending against Plaintiff's claims, including moving to dismiss certain of Plaintiff's claims that were found to be inaccurate (Docket No. 46), diligently pursuing discovery, and moving to compel Plaintiff to comply with its discovery obligations. This first factor therefore weighs against dismissal without prejudice.

### 2. Plaintiff's excessive delay and lack of diligence in prosecuting the action

Under the second factor, Plaintiff has, through its lack of cooperation in discovery and progression of this case, failed to diligently pursue its claims. It has failed to produce initial disclosures, supplement discovery, permit Defendant to perform a site inspection, and cooperate with depositions, including pursuant to Rule 30(b)(6). (Docket No. 26, 49.) Although the Court is sympathetic to the family loss suffered by one of Plaintiff's counsel, Plaintiff was dilatory long before that time. Accordingly, the Court finds that this second factor also weighs against dismissal without prejudice.

### 3. Plaintiff's insufficient explanation for need to take a dismissal

For the third factor, the Court finds that Plaintiff has failed to provide a convincing explanation for its need to dismiss its claims at this juncture. Plaintiff references properties "not within the jurisdiction of the Court" and states that "further investigation is needed," but these are matters that should have and could have been addressed at the start of litigation rather than nearly

one year after this matter was removed to this Court. Further, the Court previously dismissed Plaintiff's claims regarding properties that are "not within the jurisdiction of the Court," so that particular concern is moot. The Court finds that this third factor likewise weighs against dismissal without prejudice.

### 4. Whether a motion for summary judgment has been filed by Defendant

For the fourth and final factor, Defendant has not filed a motion for summary judgment, but, as Defendant argues, Plaintiff has not provided sufficient discovery to enable Defendant to file such a motion. Accordingly, the Court finds that this factor weighs neither for nor against dismissal of the claims without prejudice, but in large part due to the Plaintiff's discovery misconduct.

Under the circumstances of this case, the weight of the *Grover* factors does not support Plaintiff's position. For these reasons, the Court finds that voluntary dismissal without prejudice under Rule 41(a)(2) is inappropriate.[22]

## IV. RECOMMENDATIONS

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for sanctions (Docket No. 56) be **GRANTED** and this action be **DISMISSED**. It is further respectfully **RECOMMENDED** that Plaintiff's motion for voluntary dismissal (Docket No. 64) be **DENIED**.

---

[22] Defendant argues that Plaintiff's motion should be converted to one for dismissal *with* prejudice. (Docket No. 70 at 14.) However, because the Court recommends that this matter be dismissed with prejudice for all the reasons discussed above, the Court finds it unnecessary to address whether it is appropriate to convert Plaintiff's motion.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge